IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. AND/OR ITS SUCCESSORS,**

**Plaintiff,**

**v.**

**CONNIE PRITCHETT; UNKNOWN OWNERS AND NONRECORD CLAIMANTS,**

**Defendant/Counter-Plaintiff,**     No. 07-0885-DRH

**v.**

**FEDERAL DEPOSIT INSURANCE CORPORATION,**

**Counter-Defendant/Intervener**.

## ORDER

**HERNDON, Chief Judge:**

This matter comes before the Court for case management. On September 12, 2008, Counter-Defendant Federal Deposit Insurance Corporation filed a motion to dismiss Pritchett's counterclaims for lack of subject matter jurisdiction (Doc. 23). Shortly thereafter, Magistrate Judge Clifford J. Proud entered an Order allowing Pritchett's counsel leave to withdraw due to the breakdown of the attorney-client relationship (Doc. 25). In that Order, Judge Proud also allowed Pritchett twenty-one days to have new counsel enter an appearance on her behalf or file a pro se entry of appearance with her current mailing address and telephone number. As of this date, Pritchett has neither had counsel enter an appearance nor

filed her pro se entry of appearance.  Further, Pritchett has not responded to the motion to dismiss as required by Local Rule 7.1(c).[1]  Thus, the Court **ORDERS** Pritchett to have an attorney enter an appearance or file her pro se entry of appearance on or before November 3, 2008 or risk her counterclaim being dismissed for failure to prosecute.  Further, the Court **ORDERS** Pritchett to respond to the motion to dismiss on or before November 3, 2008 or risk the Court granting the motion to dismiss.  The Court **DIRECTS** the Clerk of the Court to send Pritchett a copy of this Order at her last known address of 18 Carnation, Belleville, Illinois 62221.

**IT IS SO ORDERED.**

Signed this 20th day of October, 2008.

/s/    *David R Herndon*
**Chief Judge**
**United States District Court**

---

[1] **Local Rule 7.1(c)** provides in part: "An adverse party shall have **thirty (30) days** after the service (*see* Fed. R. CIV. P. 6) of the movant's motion in which to serve and file an answering brief.  Failure to timely file an answering brief to a motion may, in the court's discretion, be considered an admission of the merits of the motion."